**COPY** — **E-FILING** — **FAXED**

RUSS AUGUST & KABAT
Marc A. Fenster, CA SB #181067
E-mail: mfenster@raklaw.com
Dorian S. Berger, CA SB #264424
E-mail: dberger@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991

Attorneys for Plaintiff,
BASCOM RESEARCH, LLC

**ADR**

**ORIGINAL FILED**
JUN 2 2013
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

BASCOM RESEARCH, LLC, a Virginia LLC,

    Plaintiff,

v.

SALESFORCE.COM

    Defendant.

Civil Action No. **CV 13-02891 JCS**

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

RUSS, AUGUST & KABAT

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bascom Research, LLC ("Bascom") files this Complaint for Patent Infringement and Jury Demand against Defendant Salesforce.com, Inc. ("Defendant" or "Salesforce.com") and alleges as follows:

### THE PARTIES

1. Bascom is a Virginia limited liability company organized and existing under the laws of Virginia having a principal place of business at 7025 Elizabeth Drive, McLean, Virginia 22101.

2. On information and belief, Defendant is a Delaware corporation with its principal place of business as the Landmark located at One Market, Suite 300, San Francisco, CA 94105. Salesforce.com may be served through its agent for service of process David Schellhase at One Market, Suite 300, San Francisco, CA 94205.

### JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 101 *et seq*. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

5. This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant does business in this District, has its principal place of business in the District, and has, and continues to, infringe and/or induce the infringement in this District. In addition, the Court has personal jurisdiction over Defendant because its principal place of business is in the District and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

### FACTS COMMON TO ALL COUNTS

6. On September 19, 2006, U.S. Patent No. 7,111,232 ("the '232 Patent"), entitled METHOD AND SYSTEM FOR MAKING DOCUMENT OBJECTS AVAILABLE TO USERS OF A NETWORK was issued. This system provides users with relevant content using the link relationships between content. As a result, entities or groups are provided with the ability to

1

COMPLAINT FOR PATENT INFRINGEMENT

communicate relevant information to their employees or members as those members or employees access such content. A true and correct copy of the '232 Patent is attached to this Complaint as Exhibit A and is incorporated by reference herein.

7. On November 21, 2006, U.S. Patent No. 7,139,974 ("the '974 Patent"), entitled FRAMEWORK FOR MANAGING DOCUMENT OBJECTS STORED ON A NETWORK, was issued to Thomas Layne Bascom. A true and correct copy of the '974 Patent is attached to this Complaint as Exhibit B and is incorporated by reference herein.

8. On January 2, 2007, U.S. Patent No. 7,158,971 ("the '971 Patent"), entitled METHOD FOR SEARCHING DOCUMENT OBJECTS ON A NETWORK, was issued to Thomas Layne Bascom. A true and correct copy of the '971 Patent is attached to this Complaint as Exhibit C and is incorporated by reference herein.

9. All rights, title, and interest in the '971, '232, and '974 Patents have been assigned to Bascom, which is the sole owner of the '971, '232 and '974 Patents.

## COUNT I

**(Direct Infringement of the '232 Patent pursuant to 35 U.S.C. § 271(a))**

10. Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

11. Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '232 Patent, all in violation of 35 U.S.C. § 271(a)(b).

12. Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

13. Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

14. Defendant's infringement includes, but is not limited to, the manufacture, use,

2

COMPLAINT FOR PATENT INFRINGEMENT

sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Salesforce.com website located on the Worldwide Web at the web address www.salesforce.com.com, which embody the patented invention of the '232 Patent. Specifically and without limitation, Salesforce.com's Chatter product directly infringes the '232 patent. (*See e.g. https://www.salesforce.com/chatter/overview/* (attached as Exhibit D).

15. Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

16. Bascom is informed and believes that Defendant's infringement of the '232 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

## COUNT II

### (Indirect Infringement of the '232 Patent pursuant to 35 U.S.C. § 271(b))

17. Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above. Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '232 Patent under 35 U.S.C. § 271(b).

18. Defendant has had knowledge of the '232 Patent at least as of the time it learned of this action for infringement, which was filed on June 20, 2013. Despite this knowledge, Defendant continues to infringe one or more claims of the '232 Patent.

19. In addition to directly infringing the '232 Patent, Defendant indirectly infringes the '232 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including but not limited to its users and developers, to perform some of the steps of the method claims, either literally or under the doctrine of equivalents, of the '232 Patent. Defendant knew or was willfully blind to the fact that it was inducing infringement by practicing in conjunction with others, including users and developers, one or more method claims of the '232 Patent. Defendant knowingly and actively aided and abetted the direct infringement of the '232 Patent

3

by instructing and encouraging its users and developers to use the Salesforce.com Web site. Such instructions and encouragement include but are not limited to, advising third parties to use Salesforce.com in an infringing manner; providing a mechanism through which third parties may infringe the '232 Patent, specifically through the use of Salesforce.com; advertising and promoting the use of Salesforce.com in an infringing manner; and distributing guidelines and instructions to third parties on how to use Salesforce.com in an infringing manner. Salesforce.com regularly updates and maintains the Salesforce.com Developer and Customer Help Centers to provide demonstration, instruction, and technical assistance to users to help them use Salesforce.com including:

Salesforce.com Chatter Overview (*see e.g.* https://www.salesforce.com/chatter/overview (attached as Exhibit D) "provides instruction to users"),

Salesforce.com Chatter Developer Page (*see e.g.* http://developer.force.com/chatter (attached as Exhibit E) "provides instructions to users"),

Salesforce.com Chatter User Help (*see e.g.*, http://www.salesforce.com/chatterguide/ (attached as Exhibit F) "provides instruction to users").

20. Salesforce.com instructs users, including employees, to use and test Salesforce.com. Bascom is informed and believes that Defendant encourages users to use infringing functionality on Salesforce.com. For example, Salesforce.com proclaims that users should migrate to Salesforce.com because "with salesforce.com after rigorously testing the security and reliability of our infrastructure." (http://www.salesforce.com/cloudcomputing/ (attached as Exhibit G)).

21. Salesforce.com provides demonstration, instruction, and technical assistance and a set of programming interfaces and tools to encourage developers to utilize Salesforce.com.

22. Salesforce.com encourages developers to use and build applications on Salesforce.com's Chatter product, by hosting events and providing "hot technology goodies up for grabs." (http://developer.force.com/chatter_developer_challenge (attached as Exhibit H) ("Use your skills and learn about Chatter and collaboration platforms, while having fun

4

COMPLAINT FOR PATENT INFRINGEMENT

1  challenging your Developer Force community. There are only a few rules.")).

2  23. The reasonable inference to be drawn from the facts set forth in this Complaint is that Salesforce.com actively and intentionally maintains and websites to promote Salesforce.com and to encourage potential users and developers to use the Salesforce.com in the manner described by Bascom.

24. The further reasonable inference to be drawn from the facts set forth in this Complaint is that Salesforce.com actively updates websites, including Salesforce.com User and Developer websites, to promote Salesforce.com to encourage users and developers to practice the methods taught in the '232 Patent.

## COUNT III

**(Direct Infringement of the '974 Patent pursuant to 35 U.S.C. § 271(a))**

25. Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

26. Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '974 Patent, all in violation of 35 U.S.C. § 271(a)(b).

27. Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

28. Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

29. Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Salesforce.com website located on the Worldwide Web at the web address www.salesforce.com.com, which embody the patented invention of the '974 Patent. Specifically and without limitation, Salesforce.com's Chatter product directly infringes the '974 patent. (*See*

5

*e.g. https://www.salesforce.com/chatter/overview/* (attached as Exhibit D).

30. Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

31. Bascom is informed and believes that Defendant's infringement of the '974 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

### COUNT IV

### (Indirect Infringement of the '974 Patent pursuant to 35 U.S.C. § 271(b))

32. Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

33. Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '974 Patent under 35 U.S.C. § 271(b).

34. Defendant has had knowledge of the '974 Patent at least as of the time it learned of this action for infringement, which was filed on June 20, 2013. Despite this knowledge, Defendant continues to infringe one or more claims of the '974 Patent.

35. In addition to directly infringing the '974 Patent, Defendant indirectly infringes the '974 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including but not limited to its users and developers, to perform some of the steps of the method claims, either literally or under the doctrine of equivalents, of the '974 Patent. Defendant knew or was willfully blind to the fact that it was inducing infringement by practicing in conjunction with others, including users and developers, one or more method claims of the '974 Patent.

36. Defendant knowingly and actively aided and abetted the direct infringement of the '974 Patent by instructing and encouraging its users and developers to use the Salesforce.com Web site. Such instructions and encouragement include but are not limited to, advising third parties to use Salesforce.com in an infringing manner; providing a mechanism through which third parties may infringe the '974 Patent, specifically through the use of Salesforce.com;

6

COMPLAINT FOR PATENT INFRINGEMENT

advertising and promoting the use of Salesforce.com in an infringing manner; and distributing guidelines and instructions to third parties on how to use Salesforce.com in an infringing manner. Salesforce.com regularly updates and maintains the Salesforce.com Developer and Customer Help Centers to provide demonstration, instruction, and technical assistance to users to help them use Salesforce.com including:

Salesforce.com Chatter Overview (*see e.g. https://www.salesforce.com/chatter/overview* (attached as Exhibit D) "provides instruction to users"),

Salesforce.com Chatter Developer Page (*see e.g.* http://developer.force.com/chatter (attached as Exhibit E) "provides instructions to users"),

Salesforce.com Chatter User Help (*see e.g.*, http://www.salesforce.com/chatterguide/ (attached as Exhibit F) "provides instruction to users").

37. Salesforce.com instructs users, including employees, to use and test Salesforce.com. Bascom is informed and believes that Defendant encourages users to use infringing functionality on Salesforce.com. For example, Salesforce.com proclaims that users should migrate to Salesforce.com because "with salesforce.com after rigorously testing the security and reliability of our infrastructure." (http://www.salesforce.com/cloudcomputing/ (attached as Exhibit G)). Salesforce.com provides demonstration, instruction, and technical assistance and a set of programming interfaces and tools to encourage developers to utilize Salesforce.com.

38. Salesforce.com encourages developers to use and build applications on Salesforce.com's Chatter product, by hosting events and providing "hot technology goodies up for grabs." (http://developer.force.com/chatter_developer_challenge (attached as Exhibit H) ("Use your skills and learn about Chatter and collaboration platforms, while having fun challenging your Developer Force community. There are only a few rules.")). Salesforce.com provides demonstration, instruction, and technical assistance and a set of programming interfaces and tools to encourage developers to integrate their applications with Salesforce. *See* http://developers.Salesforce.com.com/ (attached as Exhibit I). Salesforce.com provides

7

COMPLAINT FOR PATENT INFRINGEMENT

Migrations to developers to encourage them to test their applications with the Salesforce.com Platform. "The Force.com Migration Tool . . . . [a]nyone that prefers deploying in a scripting environment will find the Force.com Migration Tool a familiar process." (http://www.salesforce.com/us/developer/docs/daas/salesforce_migration_guide.pdf (attached as Exhibit J).

39. The reasonable inference to be drawn from the facts set forth in this Amended Complaint is that Salesforce.com actively and intentionally maintains and websites, including Salesforce.com's websites, to promote the Salesforce.com Platform and to encourage potential users and developers to use the Salesforce.com Platform in the manner described by Bascom.

40. The further reasonable inference to be drawn from the facts set forth in this Amended Complaint is that Salesforce.com actively updates websites, including Salesforce.com's Help Center and Developers websites, to promote Salesforce.com and the '974 Patent. The reasonable inference to be drawn from the facts set forth in this Complaint is that Salesforce.com actively and intentionally maintains and websites to promote Salesforce.com and to encourage potential users and developers to use the Salesforce.com in the manner described by Bascom.

41. The further reasonable inference to be drawn from the facts set forth in this Complaint is that Salesforce.com actively updates websites, including Salesforce.com User and Developer websites, to promote Salesforce.com to encourage users and developers to practice the methods taught in the '974 Patent.

## COUNT V

**(Direct Infringement of the '971 Patent pursuant to 35 U.S.C. § 271(a))**

42. Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

43. Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '971 Patent, all in violation of 35 U.S.C. §

8

COMPLAINT FOR PATENT INFRINGEMENT

271(a)(b).

44. Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

45. Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

46. Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Salesforce.com website located on the Worldwide Web at the web address www.salesforce.com.com, which embody the patented invention of the '971 Patent. Specifically and without limitation, Salesforce.com's Chatter product directly infringes the '971 patent. (*See e.g. https://www.salesforce.com/chatter/overview/* (attached as Exhibit D).

47. Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

48. Bascom is informed and believes that Defendant's infringement of the '971 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

### COUNT IV
**(Indirect Infringement of the '971 Patent pursuant to 35 U.S.C. § 271(b))**

49. Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

50. Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '971 Patent under 35 U.S.C. § 271(b).

51. Defendant has had knowledge of the '971 Patent at least as of the time it learned of this action for infringement, which was filed on June 20, 2013. Despite this knowledge, Defendant continues to infringe one or more claims of the '971 Patent.

9

COMPLAINT FOR PATENT INFRINGEMENT

52. In addition to directly infringing the '971 Patent, Defendant indirectly infringes the '971 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including but not limited to its users and developers, to perform some of the steps of the method claims, either literally or under the doctrine of equivalents, of the '971 Patent. Defendant knew or was willfully blind to the fact that it was inducing infringement by practicing in conjunction with others, including users and developers, one or more method claims of the '971 Patent.

53. Defendant knowingly and actively aided and abetted the direct infringement of the '971 Patent by instructing and encouraging its users and developers to use the Salesforce.com Web site. Such instructions and encouragement include but are not limited to, advising third parties to use Salesforce.com in an infringing manner; providing a mechanism through which third parties may infringe the '971 Patent, specifically through the use of Salesforce.com; advertising and promoting the use of Salesforce.com in an infringing manner; and distributing guidelines and instructions to third parties on how to use Salesforce.com in an infringing manner. Salesforce.com regularly updates and maintains the Salesforce.com Developer and Customer Help Centers to provide demonstration, instruction, and technical assistance to users to help them use Salesforce.com including:

Salesforce.com Chatter Overview (*see e.g. https://www.salesforce.com/chatter/overview* (attached as Exhibit D) "provides instruction to users"),

Salesforce.com Chatter Developer Page (*see e.g.* http://developer.force.com/chatter (attached as Exhibit E) "provides instructions to users"),

Salesforce.com Chatter User Help (*see e.g.*,

"http://www.salesforce.com/chatterguide/ (attached as Exhibit F) "provides instruction to users").

54. Salesforce.com instructs users, including employees, to use and test Salesforce.com. Bascom is informed and believes that Defendant encourages users to use infringing functionality on Salesforce.com. For example, Salesforce.com proclaims that users should migrate to Salesforce.com because "with salesforce.com after rigorously testing the

10

security and reliability of our infrastructure." (http://www.salesforce.com/cloudcomputing/ (attached as Exhibit G)).

55. Salesforce.com provides demonstration, instruction, and technical assistance and a set of programming interfaces and tools to encourage developers to utilize Salesforce.com.

56. Salesforce.com encourages developers to use and build applications on Salesforce.com's Chatter product, by hosting events and providing "hot technology goodies up for grabs." (http://developer.force.com/chatter_developer_challenge (attached as Exhibit H) (Use your skills and learn about Chatter and collaboration platforms, while having fun challenging your Developer Force community. There are only a few rules.")). Salesforce.com provides demonstration, instruction, and technical assistance and a set of programming interfaces and tools to encourage developers to integrate their applications with Salesforce. *See* http://developers.Salesforce.com.com/ (attached as Exhibit I). Salesforce.com provides Migrations to developers to encourage them to test their applications with the Salesforce.com Platform. "The Force.com Migration Tool . . . . [a]nyone that prefers deploying in a scripting environment will find the Force.com Migration Tool a familiar process. (http://www.salesforce.com/us/developer/docs/daas/salesforce_migration_guide.pdf (attached as Exhibit J).

57. The reasonable inference to be drawn from the facts set forth in this Amended Complaint is that Salesforce.com actively and intentionally maintains and websites, including Salesforce.com's websites, to promote the Salesforce.com Platform and to encourage potential users and developers to use the Salesforce.com Platform in the manner described by Bascom.

58. The further reasonable inference to be drawn from the facts set forth in this Amended Complaint is that Salesforce.com actively updates websites, including Salesforce.com's Help Center and Developers websites, to promote Salesforce.com and the '971 Patent. The reasonable inference to be drawn from the facts set forth in this Complaint is that Salesforce.com actively and intentionally maintains and websites to promote Salesforce.com and to encourage potential users and developers to use the Salesforce.com in the manner described

11

COMPLAINT FOR PATENT INFRINGEMENT

by Bascom. The further reasonable inference to be drawn from the facts set forth in this Complaint is that Salesforce.com actively updates websites, including Salesforce.com User and Developer websites, to promote Salesforce.com to encourage users and developers to practice the methods taught in the '971 Patent. Salesforce.com regularly updates and maintains Salesforce.com Tips to give users tips. For example, https://login.salesforce.com/help/doc/en/content_about.htm (attached as Exhibit Q) states, "With Salesforce CRM content you can organize, share, search, and manage content within your organization and across key areas." (https://login.salesforce.com/help/doc/en/content_about.htm. (attached as exhibit K).

59. Salesforce.com instructs users, including employees, to use and test the Salesforce.com Platform. Bascom is informed and believes that Defendant also encourages users to use the Salesforce.

## PRAYER FOR RELIEF

WHEREFORE, Bascom prays for judgment and relief as follows:

A. An entry of judgment holding Defendant has infringed, is infringing, and has induced infringement of the '232 Patent, '974 Patent and '971 Patent;

B. A preliminary and permanent injunction against Defendant and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, or inducing the infringement of the '232 Patent, '974 Patent, and '971 Patent and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

C. An award to Bascom of such damages as it shall prove at trial against Defendant that is adequate to fully compensate Bascom for Defendant's infringement of the '974 Patent, '232 Patent, and '971 Patent, said damages to be no less than a reasonable royalty;

D. A finding that this case is "exceptional" and an award to Bascom of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285;

E. An accounting of all infringing sales and revenues; and

F. Such further and other relief as the Court may deem proper and just.

COMPLAINT FOR PATENT INFRINGEMENT

Respectfully submitted,

Dated: June 24, 2013

*/s/ Marc A. Fenster*
Marc A. Fenster, CA SB 181067
E-mail: mfenster@raklaw.com
Dorian S. Berger, CA SB 264424
Email: dberger@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991

Attorneys for Plaintiff,
BASCOM RESEARCH, LLC